UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARRY C MASSEY,

    Petitioner,

v.

PATRICK GLEBE,

    Respondent.

CASE NO. C13-5507 BHS-JRC

ORDER GRANTING PETITIONER'S MOTION TO STAY THIS PETITION AND HOLD IT IN ABEYANCE

Petitioner through counsel has filed a motion to stay his habeas corpus petition and hold it in abeyance pending a ruling by the Washington State Supreme Court on a personal restraint petition that he filed in October of 2012. (ECF No. 4). The Court recommends granting the motion because petitioner shows good cause for filing this petition when he did, and he has a potentially meritorious claim that he is attempting to exhaust in state court so that petitioner can be added it to this petition.

Petitioner alleges that he was thirteen years old when he committed aggravated murder in the first degree (ECF No. 4). Petitioner was tried as an adult and in June of 1990, the Pierce County Superior Court sentenced petitioner to life without the possibility of parole (ECF No. 1).

ORDER 1

1  In 2012 the United States Supreme Court held that held a mandatory life without the possibility
2  of parole sentence for a person under the age of eighteen violates the Eighth Amendment. *Miller*
3  *v. Alabama* 127 S. Ct. 2455, 2460 (2012).

4  The question that petitioner has placed before the Washington State Supreme Court is
5  whether *Miller* applies retroactively to cases like his. Petitioner states that his issue is pending in
6  the Washington State Supreme Court and that he has filed this petition to ensure that his federal
7  habeas corpus petition is filed within one year of the Supreme Court's ruling in *Miller* (ECF No.
8  4).

9  A district court may stay a petition if: (1) petitioner has "good cause" for failure to
10 exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3)
11 there is no indication that petitioner intentionally engaged in dilatory litigation tactics. *Rhines v.*
12 *Weber*, 544 U.S. 269, 278 (2005).

13 Petitioner's petition meets these criteria. Petitioner could not have obtained habeas corpus
14 relief prior to 2012 when the United States Supreme Court issued its ruling in *Miller*. *See* 28
15 U.S.C. §2254(d)(1). Petitioner has diligently pursued the collateral challenge against his
16 sentence since the ruling in *Miller*. Petitioner's claim has potential merit and there is nothing to
17 show that petitioner has delayed in filing his claim.

18 The Court GRANTS the motion to stay this petition and hold it in abeyance. The matter
19 is stayed until December 31, 2013. Petitioner's counsel will file a report and a motion to extend
20 the stay on or before December 21, 2013 -- ten days before the stay ends. Counsel will inform
21 the Court of the status of the state proceedings. The report will include the state court cause
22 number. Should the state court dismiss the petition or terminate review, petitioner will inform
23 the Court and file a motion to lift the stay within 30 days of the state court taking action.
24

ORDER 2

1 | Petitioner's failure to file a proper report or inform the Court of the termination of state review
2 | may result in the Court issuing a report and recommendation that this petition be dismissed.
3
4 |       Dated this 29th day of July, 2013.

                                        J. Richard Creatura
                                        United States Magistrate Judge

ORDER 3